UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOAN WILLIAMS | CIVIL ACTION NO. 05-1181 |
| versus | JUDGE WALTER |
| WAL-MART STORES, INC. | MAGISTRATE JUDGE HORNSBY |

## **MEMORANDUM ORDER**

Plaintiff's complaint alleges that she slipped and fell at a Wal-Mart Store in Douglasville, Georgia and sustained "multiple bumps, bruises and aggravation of both hands, knees, hip and back." Complaint, ¶ 8. Plaintiff alleges that she has outstanding medical bills of "over $2000" and that she is entitled to additional damages for pain, suffering and lost wages. Plaintiff alleges in the first paragraph of her complaint that she seeks "approximately $75,985 in damages" caused by the alleged negligence of Wal-Mart.

Wal-Mart has filed a motion to dismiss on the grounds that this court lacks subject matter jurisdiction. The only apparent basis for a federal court to exercise jurisdiction over this case is the diversity jurisdiction created by 28 U.S.C. § 1332. Most slip-and-fall cases such as this one are filed and decided in state courts. They may be filed in a federal court only if the parties are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff has alleged that she seeks recovery of slightly more than $75,000.

Where a plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith. St. Paul Mercury v. Red Cab Co.,

58 S.Ct. 586, 590 (1938). For a federal court to refuse jurisdiction, it must appear to a "legal certainty" that the claim is really for less than the jurisdictional amount. <u>Allen v. R&H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). Wal-Mart has not submitted any evidence relevant to its burden of showing that Plaintiff's claim is to a legal certainty for $75,000 or less. (Counsel does state in his unsworn memorandum that Plaintiff has told him in a telephone discussion that her claim is not a $75,000 claim, but there is no competent evidence in the record on that point.) Wal-Mart suggests that if the court is unwilling to dismiss the case based on the face of the complaint that it direct the parties to submit summary-judgment type evidence as to the amount in controversy.

Plaintiff responded to the motion with a request for extension of time to gather relevant medical reports and bills. She represents that she has been distracted by attempting to locate family members following Hurricane Katrina. Plaintiff's request is granted. **Plaintiff** will be permitted until **October 21, 2005** to file a **supplemental memorandum** in opposition to the motion to dismiss and attach thereto all medical reports, bills, proof of lost wages, affidavits or other evidence that would indicate that she does have a good faith claim for $75,000 or more in damages. If Plaintiff concedes that her claim is not for more than $75,000, she should advise the court that she wishes to dismiss this federal case without prejudice. Plaintiff can then file suit in a Georgia state court. Georgia appears to permit a two-year period of limitations for slip-and-fall cases. <u>See</u> Georgia Code Annotated § 9-3-33.

**Wal-Mart** will then be permitted until **October 28, 2005** to file a **supplemental memorandum** in support of its motion. It may address any submissions filed by Plaintiff and submit its own evidence relevant to meeting its burden. Wal-Mart is hereby granted leave to take Plaintiff's deposition, if it desires, relevant to the amount in controversy issue.

The parties are hereby **granted leave in advance** to file the supplemental memoranda requested in this Order. The court will, after all supplemental filings are made, review the submissions and issue a decision or recommendation in due course.

THUS DONE AND SIGNED in Shreveport, Louisiana on this 6th day of October, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE